IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADRIAN CLARKE :
:
Petitioner :
: CIVIL NO. 4:CV-09-1382
:
v. : (Judge Jones)
:
DEPARTMENT OF HOMELAND :
SECURITY, :
:
Respondent :

## MEMORANDUM

August 12, 2009

Petitioner Adrian Clarke ("Petitioner" or "Clarke"), a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, currently confined at the Allenwood Federal Correctional Institution - Low ("FCI Allenwood Low"), in White Deer, Pennsylvania, initiated this *pro se* action by filing a Petition for Writ of Habeas Corpus under the provisions of 28 U.S.C. § 2241. (Doc. 1.) Clarke has paid the required $5.00 filing fee. (*See* Doc. 3.) Because this Court lacks subject matter jurisdiction to entertain it, the Petition will be dismissed.

I.  **BACKGROUND**

In his Petition, Clarke states that he seeks to "terminate removability" because he is an American citizen who derived his citizenship from his father and step-

mother. (*See* Doc. 1 at 1.) He explains that, while he was born in 1971 in Guyana, his father and step-mother brought him to the United States in 1982. (*See id.* at 2.) He asserts that his father and step-mother became United States citizens in 1986. (*See id.* at 3.) Petitioner states that on May 27, 2009, an Immigration Judge ruled that he had not derived citizenship from his father because his father had no legal custody of him, and thus Petitioner's deportation was ordered. (*See id.*) Petitioner avers that he wrote to the Clerk to obtain a transcript of the hearing before the Immigration Judge in order to file an appeal to the Board of Immigration Appeals, but he received no response. (*See id.*) He claims that because of his *pro se* status, he did not know that he had a time limit to file an appeal to the Board of Immigration Appeals, and thus he did not file an appeal from the Immigration Judge's Order. (*See id.*)

## II. DISCUSSION

The Court lacks jurisdiction to entertain the instant Petition. Clarke is not requesting release pending his removal on the basis that his continued detention by ICE violates his constitutional rights. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Rather, he is challenging his actual removal on the basis that he is entitled to derivative citizenship through his father and/or step-mother. The REAL ID Act of 2005 provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review

2

of an order of removal entered or issued under any provision" of the Act. 8 U.S.C. § 1252(a)(5). Accordingly, "the [habeas corpus] process is no longer available to any alien, criminal or otherwise, seeking to challenge his or her removal." *Kolkevich v. Attorney General of the United States*, 501 F.3d 323, 329 (3d Cir. 2007). In *Kolkevich*, the Third Circuit Court of Appeals clarified that, under the REAL ID Act, petitions for review, filed with the courts of appeals within the first thirty (30) days after issuance of an order of removal, are the sole vehicle whereby aliens can challenge their removal.

In some circumstances, a court may transfer such a petition to the court of appeals. "Whenever a civil action is filed in a court ... or an appeal, including a petition for review of an administrative action, ... and the court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any such court in which the action or appeal *could have been brought at the time it was filed or noticed.*" 28 U.S.C. § 1631 (emphasis added). A petition of review of an order of an Immigration Judge must be filed within thirty (30) days from the entry of the Order. 8 U.S.C. § 1252(b)(1). In the instant case, Clarke asserts that the Immigration Judge's Order directing his removal was entered on May 27, 2009. (*See* Doc. 1 at 3.) The instant Petition is dated July 14, 2009. (*See id.* at 8.) As such, it is untimely as a petition for review, and this Court lacks authority to

transfer it to the appropriate court of appeals. *See Monteiro v. Attorney Gen.*, 261 Fed Appx. 368, 369 (3d Cir. 2008). Therefore, the Petition will be dismissed. An appropriate Order will be entered.